**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT N. DURSO, SUZANNE FAST, CATHIE COKE and DOUGLAS WALKER, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.<br><br>Defendants. | Civil Action No. 12-5352 (DMC)(JAD) |
| JEANNE SPERA AND BETHANY MIZELL on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>SAMSUNG ELECTRONICS AMERICA,<br><br>Defendant. | Civil Action No. 12-5412 (DMC)(MF) |
| CHAD AND JESSICA CHOWNING on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA,<br><br>Defendant. | Civil Action No. 12-5440 (DMC)(JAD) |

---

***SPERA* AND *CHOWNING* PLAINTIFFS' BRIEF IN OPPOSITION TO CROSS-MOTION TO CONSOLIDATE AND APPOINT CLASS COUNSEL**

---

**TABLE OF CONTENTS**

Table Of Authorities ........ ii

Preliminary Statement ........ 1

Legal Argument ........ 3

I *Durso* Should Not Be Consolidated With *Spera* And *Chowning* Because It Does Not Involve Common Questions ........ 3

II Carella Byrne, Seeger Weiss And Complex Litigation Group Should Be Appointed As Interim Class Counsel For *Spera* And *Chowning* ........ 7

Conclusion ........ 12

# TABLE OF AUTHORITIES

**Cases**

*A.F.I.K. Hlding SPRL v. Fass*, 216 F.R.D. 567 (D.N.J. 2003) .................................................... 4
*Brady v. New Jersey Building Laborers State-Wide Funds*, 250 F.R.D. 171 (D.N.J. 2008).......... 3
*Butler v. Sears, Roebuck and Co.*, 702 F.3d 359 (7th Cir. 2012) .................................................. 9
*Comcast v. Behrend*, 2013 WL 1222646 (S.Ct. March 27, 2013)................................................ 9
*Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673 (3d Cir. 1964)........................ 3
*In re TMI Litigation*, 193 F.3d 613 (3d Cir. 1999) ........................................................................ 3
*In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation,* 678 F.3d 409 (6th Cir. 2012) ..................................................................................................... 9
*In re: Mock*, 398 Fed. Appx. 716 (3d Cir. 2010)............................................................................ 3
*Larson v. Sprint Nextel Corp.*, 2010 WL 234934 (D.N.J. 2010)................................................ 10
*Milliron v. T-Mobile*, 2009 WL 3345762 (D.N.J. 2009) ............................................................ 10
*Outten v. Wilmington Trust Corp.*, 281 F.R.D. 193 (D.Del. 2012) .............................................. 7
*Pella Corp. v. Saltzman*, 606 F.3d 391 (7th Cir. 2010) ................................................................... 9
*Salem Steel North America LLC v. Shanghai Shangshang Stainless Steel Pipe Co., Ltd.*, 2009 WL 2169243 (D.N.J. 2009) ....................................................................................... 4
*Tait v. BSH Home Appliance Corp.,* --F.R.D. --, 2012 WL 6699247 (C.D.Cal. 2012)................. 9
*Waudby v. Verizon Wireless Services, Inc.*, 248 F.R.D. 173 (D.N.J. 2008) .................................. 7

**Rules**

Fed.R.Civ.P. 23(b)(3)...................................................................................................................... 6
Fed.R.Civ.P. 42(a) .......................................................................................................................... 3

**PRELIMINARY STATEMENT**

Currently pending before the Court is the motion by the Plaintiffs in *Spera v. Samsung*, Civil Action No. 12-5412(DMC) and *Chowning v. Samsung*, Civil Action No. 12-5440(DMC) to consolidate those two cases and to appoint Carella, Byrne, Cecchi, Olstein, Brody & Agnello ("Carella Byrne"), Seeger Weiss, and Complex Litigation Group ("CLG") as co-interim class counsel in those two cases, as well as the cross-motion by the Plaintiffs in *Durso v. Samsung*, Civil Action No. 12-5352(DMC) to consolidate all three of the cases and to appoint Nagel Rice, Plaintiffs' counsel in *Durso*, and Carella Byrne as co-interim class counsel. The motions were precipitated by the December 7, 2012 letter from the *Durso* Plaintiffs' counsel to the Court, *Durso* Docket Entry 11, requesting permission to file a motion to consolidate all three actions and to have himself appointed as interim class counsel in all of the actions.

As the Court can glean from an examination of the respective complaints, the only similarity between the claims in *Durso* and in *Spera* and *Chowning* is that they all involve Samsung front-loading washing machines. In *Spera* and *Chowning*, the plaintiffs allege that there is in inherent defect in Samsung front-loading washing machines which causes them to develop mold and mildew. In summary, front-loading washing machines do not clean themselves the same way that top-loading washing machines do. The lack of self-cleaning allows a buildup of biofilm, *i.e.*, dirt from clothing and accumulated soap, combined with the fact that front-loading machines must be air- and water-tight so they do not leak while doing wash, creates an incubator for mold and mildew.

*Durso*, on the other hand, alleges that Samsung front-loading washing machines do not clean clothes very well and do not wash loads as large as are advertised by Samsung. Among the complaints in *Durso* is that the washing machines have a moldy smell, but that allegation appears

to be part-and-parcel of the more general allegations that Samsung washing machines do not clean clothes sufficiently.

For the reasons set forth below, *Spera* and *Chowning* should be consolidated, but *Durso* should not. The claims in the two sets of cases are different and should be litigated separately. Further, the interim class counsel structure proposed by the *Durso* Plaintiffs would not be in the best interest of the putative classes. Carella Byrne, Seeger Weiss, and CLG are the most qualified to represent the putative class asserting mold-related claims and, thus, should be appointed as interim class counsel in *Spera* and *Chowning*.

## LEGAL ARGUMENT

## I

## *DURSO* SHOULD NOT BE CONSOLIDATED WITH *SPERA* AND *CHOWNING* BECAUSE IT DOES NOT INVOLVE COMMON QUESTIONS

The *Durso* Plaintiffs seek to consolidate not only the *Spera* and *Chowning* actions, but the *Durso* action as well. For the reasons set forth below, consolidation of *Spera* and *Chowning* is appropriate, but the inclusion of *Durso* is not because *Durso* does not involve common questions of fact or law. As a result, the *Durso* Plaintiffs cross-motion to consolidate should be denied.

Fed.R.Civ.P. 42(a) provides for the consolidation of cases which "involve a common question of law or fact." "The purpose of consolidation is to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." *In re TMI Litigation*, 193 F.3d 613, 724 (3d Cir. 1999). "[A] District Court has broad discretion to determine whether to consolidate cases." *In re: Mock*, 398 Fed. Appx. 716, 718 (3d Cir. 2010); *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964) (holding that "Rule 42(a) of the Federal Rules of Civil Procedure confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate causes for trial as may facilitate the administration of justice"). In exercising its discretion whether to consolidate cases, the Court should weigh the benefits of judicial economy against the potential for new delays, expense, confusion and prejudice. *Brady v. New Jersey Building Laborers State-Wide Funds*, 250 F.R.D. 171, 176 (D.N.J. 2008). In the absence of an articulated basis to assert confusion or prejudice, consolidation is generally appropriate. *Salem Steel North America LLC v. Shanghai Shangshang*

*Stainless Steel Pipe Co., Ltd.*, 2009 WL 2169243, at *2 (D.N.J. 2009); *A.F.I.K. Hlding SPRL v. Fass*, 216 F.R.D. 567, 570 (D.N.J. 2003).

As was previously set forth in Spera and Chowning's original motion, those two cases are appropriate for consolidation. They involve identical allegations that Samsung front-loading washing machines are defective in that they develop mold and mildew because of an inherent design flaw. It is uncontested that those two actions should be consolidated. Whether *Spera* and *Chowning* should be consolidated with *Durso* is another matter completely.

Other than the fact that all of the cases involve claims relating to Samsung front-loading washers, there are no common issues of facts in *Durso* and *Spera/Chowning*. *Spera/Chowning* involves a specific defect found in all Samsung washing machines, and in most other front-loading washing machines as well: the washing machines do not self-clean and, as a result, the closed environment necessary for a front-loading washing machine to not leak water causes an odiferous buildup of mold and mildew. *See Spera* Complaint, Docket Entry 1, ¶¶ 1-9, 12-13; 16-48; *Chowning* Complaint, Docket Entry 1, ¶¶ 1-9; 12; 15-47. *Durso*, on the other hand, involves a mish-mosh of different defects experienced by the various plaintiffs, including not being able to wash large items as advertised, failure to get clothes clean, displaying "error" messages, mold and mildew, pump failure, the collection of "pot metal" and premature disintegration of rubber inside the washing machine. *Durso* Amended Complaint, Docket Entry 12, ¶¶ 2-9; 13-47; 53-89. Except for the mold issue, the defects complained of in *Durso* are of a different nature than those asserted in *Spera* and *Chowning,* the mold issue in *Durso* being merely one of many complaints about the allegedly generally poor overall quality of Samsung machines.[1]

[1] Indeed, the *Durso* Plaintiffs do not even attempt to identify the source of the mold problem, or any other problem for that matter. The *Durso* Plaintiffs simply make blanket allegations that Samsung front-loading washing machines do not meet consumers' expectations.

Given the allegations in the different Complaints, the *Spera/Chowning* Plaintiffs do not believe that the purposes of consolidation would be served by combining *Spera* and *Chowning* with *Durso*. First, since the alleged defects in *Spera/Chowning* are so different from those in *Durso*, the *Spera/Chowning* Plaintiffs do not believe that the interest of judicial economy would be served. While the *Durso* Plaintiffs and the *Spera/Chowning* Plaintiffs assert claims under some of the same law, *e.g.*, statutory consumer fraud, breach of warranty under the UCC, and unjust enrichment, those legal theories would be applied to different facts in the different cases, which may lead to different outcomes. Whether or not the cases are consolidated, the analyses in the two cases are different, so Court will have to make the legal analysis relating to the merits of the two sets of Plaintiffs' claims twice.

Likewise, there should be little duplication of effort during discovery. The *Spera/Chowning* claims involve, relative to *Durso*, a relatively narrow issue involving the mold problem, its cause, Samsung's knowledge of the mold problem, and any steps it took to remedy the mold problem. Discovery in *Durso*, on the other hand, would appear to necessarily involve all aspects of the design of Samsung front-loading washing machines, a far broader proposition than in *Spera/Chowning*.

There is only a very small chance of potential conflict in outcomes between *Spera/Chowning* and *Durso* because the claims are so different, as well as because all of the cases are before the same judge. Whether the mold problem is a violation of applicable consumer protection laws or breaches applicable warranties is a different question as to whether not being able to wash large items as advertised is a violation of applicable consumer protection laws or breaches applicable warranties, and the same for the alleged failure to get clothes clean, displaying "error" messages, pump failure, the collection of "pot metal" and premature

disintegration of rubber inside the washing machine would violate applicable consumer protection laws or breach applicable warranties.

Likewise, there will be a different class certification analysis, certainly with respect to whether common issues predominate, in a case involving only a claim relating to the mold defect, as in *Spera/Chowning* than in *Durso*, which raises claims with respect to several different problems. Indeed, the *Spera/Chowning* Plaintiffs are concerned on behalf of themselves and the class that they seek to represent that they will be prejudiced by having their claims lumped in with the myriad of complaints in *Durso*, either because their claims will be lost in the shuffle, because of having their meritorious claims perceived as just another chunk being thrown against the wall in the hope of something sticking, and/or because their claims will be subject to a different predominance analysis under Fed.R.Civ.P. 23(b)(3) than they otherwise would if they were evaluated on a stand-alone basis.

For all the reasons set forth above, the *Spera/Chowning* Plaintiffs respectfully request that the Court exercise its discretion to not consolidate *Spera/Chowning* with *Durso*. The facts of the two sets of cases are different, consolidation would confuse the issues, would not result in streamlining the litigation or avoid duplication, prevent conflicting outcomes, and would ultimately prejudice the *Spera/Chowning* Plaintiffs. As a result, the *Durso* Plaintiffs' cross-motion to consolidate should be denied.

## II

## CARELLA BYRNE, SEEGER WEISS AND COMPLEX LITIGATION GROUP SHOULD BE APPOINTED AS INTERIM CLASS COUNSEL FOR *SPERA* AND *CHOWNING*

The *Durso* Plaintiffs also suggest a leadership structure for the combined cases which would appoint one lead counsel from their case and one lead counsel from the *Spera/Chowning* cases. As is set forth above, the *Spera/Chowning* cases should not be consolidated with *Durso*. Further, even if the cases are consolidated, the such a leadership structure would not be in the best interest of the putative classes

As was set forth in the *Spera/Chowning* Plaintiffs moving papers, the criteria for appointing interim class counsel are the same as those for appointing class counsel at the time of certification. *Waudby v. Verizon Wireless Services, Inc.*, 248 F.R.D. 173, 175-76 (D.N.J. 2008). Those factors are: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class. *Id.* When weighing these factors, the ultimate goal is to determine which counsel will best serve the interest of the plaintiffs. *Outten v. Wilmington Trust Corp.*, 281 F.R.D. 193, 197 (D.Del. 2012).

For the reasons set forth in Section I above, the *Spera/Chowning* Plaintiffs believe that the interest of all Plaintiffs would best be served by not consolidating the two sets of cases. The *Spera/Chowning* Plaintiffs should be able to pursue their narrowly defined claims as they deem appropriate and the *Durso* Plaintiffs can pursue their claims as they deem appropriate. That

would also moot the unnecessary leadership fight instigated by Nagle Rice for a consolidated leadership structure for cases which shouldn't be consolidated in the first instance.[2]

Further, even if the cases were consolidated, the leadership structure proposed by the *Durso* Plaintiffs is not in the best interests of the putative classes.[3] First, the *Durso* Plaintiffs exclude Seeger Weiss from the leadership structure for no reason at all. As experienced as Nagel Rice is in class action litigation, Seeger Weiss has more experience in bigger cases. (*See Spera* Docket Entry 12-2, Ex. B). It hardly seems to be in the putative class' best interest to exclude from the leadership structure a firm even more qualified than Nagel Rice, yet nowhere in the *Durso* Plaintiffs' papers is there any objection to Seeger Weiss, or any explanation as to why they should not be included as one of the firms being appointed as interim class counsel.

Further, while Nagel Rice is concededly experienced in class action litigation, it lacks specific experience with the subject matter of this lawsuit, which is the design defect in Samsung's Front Loading Washing machines which leads to a propensity to mold buildup. By contrast, Complex Litigation Group, Seeger Weiss, and Carella Byrne have spent a large portion

[2] Nagel Rice complains that the leadership structure proposed for the *Spera/Chowning* cases leaves no protection for non-mold plaintiffs. (*Durso* Brief at 16-17) That is incorrect. The leadership structure proposed in *Spera/Chowning* envisions that the interests of non-mold plaintiffs would be separately protected by Nagel Rice in *Durso*.

[3] Aside from the difficulties set forth in the text, we note that the leadership structure proposed by the *Durso* Plaintiffs begins with a fundamental strategic difference as to how to best obtain a recovery on behalf of their respective classes. The *Spera/Chowning* Plaintiffs believe that a focused attack on a narrow, identified, legitimate problem with the Samsung washing machines is best, while the *Durso* Plaintiffs believe that a scattershot approach encompassing a number of different complaints is best. Further, the discovery necessary for the *Durso* Plaintiffs' claims will necessary be much broader, more expensive and more time consuming, than what would be necessary for the *Spera/Chowning* claims. It is not possible to litigate the cases both ways at once, and any compromise between the two approaches would necessarily weaken the perceived advantages of each individual theories. If nothing else, the *Spera/Chowning* Plaintiffs are concerned that the leadership structure proposed by the *Durso* Plaintiffs, one lead firm from each group, will work to Defendant's advantage by paralyzing Plaintiffs' decision-making ability.

of the last five years litigating exactly this issue against manufacturers Whirlpool, Sears (Kenmore brand), LG, Bosch, Miele and General Electric.[4] Indeed, CLG is in the leadership in three such cases which have already been certified as compliant with Rule 23. The *Whirlpool* case has been certified and affirmed by the Sixth Circuit, *In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation*, 678 F.3d 409 (6th Cir. 2012). On April 1, 2012, the Supreme Court granted *certiorari* and remanded the case to the Sixth Circuit for reconsideration in light of *Comcast v. Behrend*, 2013 WL 1222646 (S.Ct. March 27, 2013). Counsel does not believe that the Sixth Circuit will come to any different conclusion than it did previously, since plaintiffs' damage model matches its liability theory, as required by *Comcast.*

The *Kenmore* case was denied certification by the District Court but reversed on Rule 23(f) appeal by a unanimous opinion from the Seventh Circuit. *Butler v. Sears, Roebuck and Co*., 702 F.3d 359 (7th Cir. 2012). Indeed, the *Kenmore* case is one of only two multistate consumer class certifications ever blessed by the Seventh Circuit, and CLG is lead counsel in both those cases.[5] The *Bosch* case was recently certified in the Central District of California. *Tait v. BSH Home Appliance Corp.,* --F.R.D. --, 2012 WL 6699247 (C.D.Cal. 2012). In addition, CLG is a co-lead Rule 23(g) counsel in the LG FLW mold case pending in this district before Judge Hochberg. CLG has expended millions of dollars of its time and hundreds of thousands of dollars in hard expenses in litigating these cases. CLG has been deeply involved in all aspects of these cases. CLG attorneys have taken more depositions in these FLW cases than any other law firm. CLG has been deeply involved with the development of the expert witnesses

---

4 Carella Byrne is co-counsel with CLG in all of the New Jersey moldy front-loading washing machine cases, those pending against LG, Miele and General Electric, in addition *Chowning*.

5 The other case is *Pella Corp. v. Saltzman*, 606 F.3d 391 (7th Cir. 2010).

and all phases of briefing. In short, not only is CLG a well-qualified class action law firm, but in this specific case, CLG is preeminent. Indeed, Nagel Rice would have to reinvent an already very well-designed wheel were it be named interim lead counsel.

Indeed, Nagel Rice's objection to CLG has nothing to do with its competence to represent the putative class. Rather, its objection is a personal attack on CLG attorney Paul Weiss, *who is not even a counsel of record in this case*. Nagel Rice's effort to engage in a race to the bottom will not be reciprocated.[6] Suffice it to say this Court rejected a similar attack on

---

[6] A brief defense of the accusations is, however, necessary in order to protect the record. Concerning the findings of Judge Linares concerning the fee petition CLG's predecessor firm, Freed & Weiss submitted in the *T-Mobile* and *Sprint* cases, CLG notes that (a) CLG was not the only firm criticized for its fee petition and (b) Judge Linares ultimately approved the fee petition CLG submitted that was not materially less but just more specific in its content. *See Milliron v. T-Mobile*, 2009 WL 3345762, at *14 (D.N.J. 2009); *Larson v. Sprint Nextel Corp.*, 2010 WL 234934, at *22-25 (D.N.J. 2010). As for Mr. Weiss' issues with the Illinois bar, those charges have been pending for five years without resolution and none of the charges relate to the practice of law in any way. The charges are just that, charges, they have not been adjudicated let alone proven, and Mr. Weiss vehemently denies them. The few times counsel have tried to take advantage of Mr. Weiss' bar issues as Nagel Rice has done here, such efforts have been rejected. *E.g.*, *Allied Medical P.A. v. American International Insurance Co.*, Civil Action No. 07-4622(JAP)(JJH), Docket Entry 24. The fact remains that CLG has been appointed to lead counsel positions in dozens of lawsuits while Mr. Weiss' bar charges have been pending, and CLG's results on behalf of its clients speaks volumes.

As for the position of Mr. Durso, CLG notes that this dispute does *not* involve the Samsung case but an unrelated case involving decking. Moreover, (a) CLG has not sued Mr. Durso; (b) CLG's real issue is with Mr. Durso's counsel in the other case, Mr. Kasanoff, as well as with Nagel Rice for taking *for free* the benefit of CLG's work product; (c) the dispute with Mr. Durso's counsel is not related to *this* lawsuit in any way such that CLG learned anything that could be used to Mr. Durso's disadvantage here; (d) CLG will not be the only co-lead in this case as CLG and Carella Byrne are pursuing the appointment as co-leads, and Carella Byrne can handle any issues related to Mr. Durso if the Court deems that to be necessary. CLG also notes that it will not be Mr. Durso's lawyer in this lawsuit as CLG does not have a retention agreement with Mr. Durso, and indeed, *Mr. Durso does not seek to represent the "mold" class*. (See *Durso* Complaint, Docket Entry 12 at ¶ 16 (Durso's Samsung washer will not wash a king size comforter properly.)) Instead, CLG will prosecute the case on behalf of the mold class and Mr. Durso can seek to be a representative of his proposed class, which would be Mr. Durso's obligation as a class representative. In short, the substance of Nagel Rice's *ad hominem* attacks fails to controvert CLG's eminent qualifications to be lead counsel in the "mold" case.

Mr. Weiss in *O'Brien v. LG Electronics USA, Inc.*, Civil Action No. No. 10-4499 (DMC), and Judge Linares rejected a similar line of attack in the *Sprint ETF* case. The fact remains that CLG continues to be named lead counsel in class action cases, continues to prevail on behalf of classes in district courts and appellate courts throughout the United States, and remains one of the finest consumer-oriented class action law firms in the United States. Combined with the extensive subject-matter experience of CLG, this Court can be certain CLG possesses all of the attributes that best qualify it to lead this lawsuit.

## CONCLUSION

For the reasons set forth above, the *Durso* Plaintiffs cross-motion to consolidate all of the Samsung washing machine cases should be denied. If the *Durso* action is not consolidated with *Spera* and *Chowning*, the *Durso* Plaintiffs' cross-motion to appoint interim class counsel will be moot. Further, if the *Durso* matter is consolidated with *Spera* and *Chowning*, it would be contrary to the best interest of the putative class(es) to exclude Seeger Weiss and Complex Litigation Group from the leadership structure.

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
Attorneys for Plaintiffs
CHAD AND JESSICA CHOWNING

Dated: April 8, 2013

By: /s/ James E. Cecchi
JAMES E. CECCHI

Richard J. Burke
Jeffrey A. Leon
Julie D. Miller
COMPLEX LITIGATION GROUP LLC
513 Central Ave.
Suite 300
Highland Park, IL 60035
(847) 433-4500

Jonathan Shub
Scott Alan George
SEEGER WEISS LLC
1515 Market St., Suite 1380
Philadelphia, PA 19102
(215) 564-2300

Attorneys for Plaintiffs
JEANNE SPERA and BETHANY MIZELL