## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEANNE SPERA and BETHANY MIZELL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA,<br><br>Defendant. | Civil Action No. 2:12-cv-5412 (DMC) (JAD)<br><br><br>Motion Return Date:  August 5, 2013 |
| CHAD and JESSICA CHOWNING, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA,<br><br>Defendant. | Civil Action No. 2:12-cv-5440 (DMC) (MF)<br><br><br>Motion Return Date:  August 5, 2013 |

## REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT'S MOTIONS TO DISMISS PLAINTIFFS' COMPLAINTS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 9(b)

GRAHAM CURTIN
A Professional Association
4 Headquarters Plaza
Post Office Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700

Attorneys for Defendant
Samsung Electronics America, Inc.

## PRELIMINARY STATEMENT[1]

Plaintiffs' opposition does nothing to save their claims from dismissal. As to Mizell and the Chownings, plaintiffs do not contest that choice of law principles dictate that, as Missouri and Colorado residents who purchased their washers in their home states and have no nexus to New Jersey, the New Jersey Consumer Fraud Act ("NJCFA") should not apply. Plaintiffs' NJCFA claims fail in any regard because they cannot demonstrate an "ascertainable loss" or a causal relationship under either the NJCFA, the Missouri Merchandising Practices Act ("MMPA") or the Colorado Consumer Protection Act ("CCPA"). Moreover, plaintiffs are unable to overcome a more fundamental problem -- they do not have the facts to allege fraud with anything approaching the requisite specificity to satisfy Fed. R. Civ. P. 9(b). Indeed, the allegations of the Complaints are woefully deficient, most notably with regard to their explanation as to Samsung's knowledge of the alleged defects and the supposedly nefarious scheme to conceal it, and plaintiffs make no effort to meaningfully contend otherwise. Not surprisingly, since the filing of Samsung's motion, another court in this District (in <u>Fishman v.GE</u>) dismissed consumer fraud claims based upon the *exact same* allegations after finding them insufficient under Rule 9(b).

Plaintiffs' breach of warranty claims fare no better. Plaintiffs offer nothing to overcome Samsung's clear and conspicuous disclaimer of all implied warranties.

---

[1] Though the Spera and Chowning actions have not yet been consolidated, because the Complaints in these actions are functionally identical and Samsung's motions to dismiss these Complaints so similar, in the interest of avoiding duplication Samsung respectfully submits this single reply brief in further support of both motions.

1

Even beyond this dispositive disclaimer, plaintiffs fail to offer meaningful opposition to the several other bases for dismissal of these claims. As to the express warranty, plaintiffs attempt to manufacture a "manufacturing defect" in order to shoehorn their alleged design defects into the terms of the warranty. This effort fails, as no such allegation can be gleaned from the Complaints. Further, plaintiffs remain unable to overcome their failure to provide the requisite notice of an alleged breach to Samsung. Plaintiffs' effort to conjure "unconscionability" also falls well short, as such allegations do not appear in the Complaints and, even if they did, do not adequately allege unconscionability.

Finally, plaintiffs focus a curious amount of effort on their baseless claims for unjust enrichment. Plaintiffs simply wish away the abundance of case law finding that no independent tort cause of action for unjust enrichment exists and requiring that plaintiffs expect remuneration from Samsung in order to sustain their claims. Plaintiffs also ignore that they must have a direct relationship with Samsung in order to state a claim, instead relying a single, flawed decision that flies in the case of well-established New Jersey precedent. Accordingly, dismissal of plaintiffs' unjust enrichment claims is also appropriate.

## ARGUMENT

### I.   PLAINTIFFS' CONSUMER FRAUD CLAIMS FAIL

#### A.   Missouri and Colorado law apply to Mizell and the Chownings' consumer fraud claims

Mizell and the Chownings' consumer fraud claims must be analyzed under Missouri and Colorado law, respectively, as these states have the most significant

2

relationship to and hold the most significant interest in these claims.  Therefore, Mizell and the Chownings cannot avail themselves of the NJCFA and their claims under this statute should be dismissed.

As an initial matter, plaintiffs do not dispute that the consumer fraud laws of Missouri, Colorado and New Jersey are in conflict.  See Arlandson v. Hartz Mtn. Corp., 792 F. Supp. 2d 691, 708 (D.N.J. 2011) (noting that "courts in this District have recognized that the NJCFA and consumer protection laws of other states clearly conflict").  As such, the second prong of the most significant relationship test requires the Court to weigh the factors enumerated in § 148(2).[2]  For the reasons set forth in the Samsung's moving brief, § 148(2) requires the application of Missouri and Colorado law to the consumer fraud claims asserted by Mizell and the Chownings.

In a half-hearted attempt to avoid the law of their home states, plaintiffs contend that a choice of law determination is premature, (Opp. Br. at 5), an argument frequently rejected in this District when the determination can be made at the outset, as it can here.  Plaintiffs simply ignore the wealth of decisions cited in Samsung's moving brief demonstrating that courts in this District, "including the Third Circuit frequently determine that choice of law analysis in a putative class action can be done at the motion to dismiss stage." Feldman v. Mercedes-Benz USA, LLC, 2012 U.S.

---

[2] Since the filing of Samsung's motions, the Third Circuit decided Maniscalco v. Brother Int'l (USA) Corp., 2013 U.S. App. LEXIS 4724 (3d Cir. Mar. 8, 2013), which clarifies that subsection (2) of § 148 of the Restatement (Second) of Conflict of Laws applies in circumstances such as presented here.  Accordingly, Samsung will focus its analysis in this reply brief on § 148(2).

3

Dist. LEXIS 178924, *13, 18 (D.N.J. Dec. 18, 2012) ("follow[ing] a long line of cases in this Circuit holding that a consumer's home state law should apply to transactions that 'bear[] no relationship to New Jersey other than the location of [the defendant's] headquarters'") (quoting Cooper v. Samsung Elecs. Am., Inc., 374 F. App'x 250, 255 (3d Cir. 2010)).  Tellingly, plaintiffs point to no contrary authority and fail to even explain why a choice of law analysis cannot be performed. Accordingly, a choice of law determination is appropriate at this time.

Beyond their objection to the timing of a choice of law determination, plaintiffs offer no opposition to the choice of law analyses set forth in Samsung's moving briefs.  As explained therein, because every contact relevant to this action occurred in plaintiffs' home states, application of § 148(2) leads to the inexorable conclusion that Missouri and Colorado have the most significant interest in Mizell and the Chownings' consumer fraud claims.  As such, their NJCFA claims should be dismissed.  See, e.g., Feldman, 2012 U.S. Dist. LEXIS 178924 at *14-18; Weske v. Samsung Elecs. Am. Inc., 2012 U.S. Dist. LEXIS 32289, *13-15 (D.N.J. Mar. 12, 2012) ("Weske I").

### B.    Plaintiffs' NJCFA claims fail as a matter of law

Spera's NJCFA claim should also be dismissed because she does not adequately allege either an ascertainable loss or a causal relationship between Samsung's alleged conduct and her purported loss.  Even if Mizell and the Chownings could assert NJCFA claims (which they cannot), such claims would similarly be subject to dismissal.

4

### 1.   Plaintiffs do not adequately plead an ascertainable loss

Plaintiffs' opposition is an exercise in obfuscation that stubbornly ignores contrary authority.  Because plaintiffs do not allege an ascertainable loss, their NJCFA claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiffs continue to ignore controlling case law and instead offer their own self-serving view.  In so doing, plaintiffs fail to address *any* of the prevailing authority cited by Samsung that requires them "to quantify the difference in value between the promised product and the actual product received" in order to set forth an ascertainable loss.  See, e.g., Smajlaj v. Campbell Soup Co., 782 F. Supp. 2d 84, 99 (D.N.J. 2011); Green v. Green Mtn. Coffee Roasters, Inc., 279 F.R.D. 275, 282 (D.N.J. 2011); Hughes v. Panasonic Consumer Elecs. Co., 2011 U.S. Dist. LEXIS 79504, *46 (D.N.J. July 21, 2011).

Rather than address this wealth of contrary case law, plaintiffs stubbornly maintain that they have plead an ascertainable loss "in several different respects," (Opp. Br. at 9), yet none of these satisfy the NJCFA's requirement.  Tellingly, plaintiffs acknowledge that "the thrust of their damage claim is that their washers are less valuable." (Opp. Br. at 10).  But such vague allegations of diminished value are exactly the type of broad and conclusory statements that do not establish an ascertainable loss under New Jersey law.  See Green, 279 F.R.D. at 282; see also Hemy v. Perdue Farms, Inc., 2011 U.S. Dist. LEXIS 137923, *53-54 (D.N.J. Nov. 30, 2011) (holding that plaintiffs failed to allege an ascertainable loss where they merely claim to have paid a "premium" and failed to "set out the difference in value

1763844_2

between the promised product . . . and the actual product received"); Lieberson v. Johnson & Johnson Consumer Cos., 2011 U.S. Dist. LEXIS 107596, *27 (D.N.J. Sept. 21, 2011) (finding that "absent any specific information concerning the price of the [p]roducts or the price of any comparable products, Plaintiff's allegations concerning the ascertainable loss are nothing more than unsupported conclusory statements that are insufficient to withstand a motion to dismiss").

Plaintiffs insist that "common sense" dictates that their allegedly defective washers are less valuable. But plaintiffs offer no authority for this novel proposition, which runs directly contrary to those cases cited by Samsung requiring specific information as to a difference in value. See id. Indeed, plaintiffs' "common sense" approach would obviate the ascertainable loss requirement altogether, as any baseless allegation of a product defect coupled with the "common sense" conclusion that such defect renders the product less valuable would satisfy the ascertainable loss requirement in every circumstance.

Plaintiffs also continue to raise speculative "costs" that they have not actually incurred and cannot quantify, such as higher energy costs and increased maintenance expenses.[3] (Opp. Br. at 9). Plaintiffs rely on just one case in arguing that an ascertainable loss can be stated without pleading a specific dollar amount. But this case involved a quantifiable sum that formed the basis of the plaintiffs' damages. See

---

[3] To the extent that plaintiffs allege routine maintenance costs (such as purchasing cleaners), such costs are merely part of owning a washer and no more constitute an ascertainable loss than an automobile owner's purchase of gasoline or oil changes in order to maintain the automobile.

6

Torres-Hernandez v. CVT Prepaid Solutions, Inc., 2008 U.S. Dist. LEXIS 105413, *19-20 n.3 (D.N.J. Dec. 9, 2008) (purchase price of pre-paid calling cards).  In contrast, plaintiffs' alleged losses here -- a "diminution of value" and increased energy and maintenance costs -- are speculative and amorphous, thus not "measurable" in any sense.  See Hughes, 2011 U.S. Dist. LEXIS 79504 at *44, 47 ("[t]he certainty implicit in the concept of an 'ascertainable loss' is that it is quantifiable or measurable") (quoting Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 558, 964 A.2d 741, 750 (N.J. 2009)).  Indeed, the few cases that plaintiffs bother to cite concern the ascertainable loss requirement in general terms and do nothing to explain how plaintiffs' hypothetical costs are sufficient in light of the tide of contrary authority.[4]  Plaintiffs therefore do not adequately allege an ascertainable loss and dismissal of their NJCFA claim is thus appropriate.

### 2. Plaintiffs do not adequately plead a causal relationship

Plaintiffs also fail to demonstrate that their alleged ascertainable loss was "attributable to conduct made unlawful by the [NJCFA]."  Thiedemann v. Mercedes-Benz USA, LLC, 183 N.J. 234, 246, 872 A.2d 783, 791 (N.J. 2005).  Significantly, plaintiffs do not dispute that, prior to their purchases, they did not review *any* marketing materials, thus they cannot show that any alleged omissions from or misrepresentations contained therein proximately caused their alleged loss.  Rather,

---

[4] Plaintiffs' reliance on Harper v. LG Elecs. USA, Inc., 595 F. Supp. 2d 486 (D.N.J. 2009), is unavailing.  Harper provided only a cursory analysis of the plaintiff's consumer fraud claim and did not address ascertainable loss whatsoever.

1763844_2

plaintiffs disregard their own allegations in an attempt to overcome this obvious shortcoming.

Importantly, plaintiffs again make no effort to distinguish the case law cited by Samsung, ignoring this authority almost entirely.  (Opp. Br. at 11-12).  The only case that plaintiffs do address is Fink v. Ricoh Corp., 365 N.J. Super. 520, 839 A.2d 942 (N.J. Law Div. 2003), which plaintiffs attempt to characterize as contrary to other New Jersey decisions.  But Fink is perfectly consistent with the many decisions from this district and the Third Circuit requiring a causal nexus between a plaintiff's alleged loss and the conduct at issue.  See, e.g., Marcus v. BMW of N. Am., LLC, 687 F.3d 583, 606 (3d Cir. 2012).  These decisions confirm that "[t]o establish causation on their misleading advertising theory, Plaintiffs must prove that individual [class members] actually encountered the allegedly misleading advertising."  Mann v. TD Bank, N.A., 2010 U.S. Dist. LEXIS 112085, *16 (D.N.J. Oct. 20, 2010); see also Crozier v. Johnson & Johnson Consumer Cos., Inc., 2012 U.S. Dist. LEXIS 140320, *32-33, 36 (D.N.J. Sept. 28, 2012).  Since plaintiffs do not allege that they viewed any false advertisements, they cannot demonstrate causation under the NJCFA.[5]

---

[5] Plaintiffs also rely on a single case, Maniscalco v. Brother Int'l Corp. (USA), 627 F. Supp. 2d 494, 503 (D.N.J. 2009), in arguing that causation is sufficiently pled where a plaintiff merely alleges that he or she would not have purchased a product if the purported defect had been disclosed.  (Opp. Br. at 11).  Insofar as Maniscalco implies that a plaintiff need not also allege that he or she viewed the product's marketing and would have acted differently, Maniscalco fails to establish a "causal nexus" and thus runs counter to the weight of authority in this district.  See, e.g., Crozier, 2012 U.S. Dist. LEXIS 140320 at *36 ("[a]bsent any showing that Plaintiffs had 'seen, read, or

Plaintiffs also set up a "straw" argument that Samsung never made and then set about dismantling it.  Samsung does not argue in its moving brief (or anywhere else) that reliance is required under the NJCFA.  Rather, Samsung explained that plaintiffs must demonstrate that their alleged ascertainable loss was "attributable to conduct made unlawful by the [Act]."  Thiedemann, 183 N.J. at 246, 872 A.2d at 791.  In taming their paper tiger, plaintiffs point to the Third Circuit's decision in Marcus, but Marcus confirms that "the [NJ]CFA requires a consumer to prove that [his or her] loss is attributable to the conduct that the [NJ]CFA seeks to punish by including a limitation expressed as a causal link."[6] 687 F.3d at 606 (quoting Bosland, 197 N.J. at 555, 964 A.2d at 748).  "In other words, the alleged unlawful practice must be a proximate cause of the plaintiff's ascertainable loss."  Id. (citing Meshinsky v. Nichols Yacht Sales, Inc., 110 N.J. 464, 472-73, 541 A.2d 1063, 1067 (N.J. 1988)).  Here, that "causal link" is noticeably absent, as plaintiffs' alleged ascertainable losses could not have been caused by misrepresentations or omissions that plaintiffs never received.  Accordingly, dismissal of plaintiffs' NJCFA claim is warranted.

### C.    Mizell's MMPA claim should be dismissed

Plaintiffs continue to make the same misguided argument with regard to Mizell's MMPA claim as they do under the NJCFA.  Plaintiffs again fail to address

---

relied upon'" the defendant's advertising, "the Court must find that Plaintiffs have not stated a plausible claim for relief").

[6] Marcus also found that the other two cases cited by plaintiffs, Int'l Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co., 192 N.J. 372, 929 A.2d 1076 (N.J. 2007), and Lee v. Carter-Reed Co., LLC, 203 N.J. 496, 4 A.3d 561 (N.J. 2010), require courts to consider the conduct of plaintiffs in assessing causation. 687 F.3d at 610.

9

any of the case law cited by Samsung and instead stick to their myopic (and incorrect) view of the law.  According to plaintiffs, "[a] consumer suffers an ascertainable loss under Missouri law if they do not get what was promised to them." (Opp. Br. at 14).  This statement finds no support in Missouri law and ignores that "[i]t is well settled that a private litigant in Missouri has no cause of action under the [M]MPA unless he can show 'actual damages' encompassing 'an ascertainable loss' of money or property stemming from a violation of the [M]MPA."  Nixon v. Enter. Car Sales Co., 2011 U.S. Dist. LEXIS 118288, *21 (E.D. Mo. Oct. 13, 2011).  The cases that plaintiffs rely upon do nothing to diminish the controlling authority that Samsung cited and plaintiffs have chosen to ignore.[7]

Plaintiffs also seek to misdirect the Court with a discussion of reliance.  As with the NJCFA, Samsung does not argue in its moving brief (or anywhere else) that reliance is required under the MMPA.  Rather, "the plain language of the MMPA demands a causal connection between the ascertainable loss and the unfair or deceptive merchandising practice."  Owen v. GMC, 533 F.3d 913, 922 (8th Cir. 2008); see also State ex rel. Coca-Cola Co. v. Nixon, 249 S.W.3d 855, 863 (Mo.

---

[7] In fact, unlike here, the plaintiffs in all three cases cited by plaintiffs specifically identified affirmative disclosures that were false and misleading.  Here, plaintiffs have failed to specifically identify *any* Samsung advertising or marketing materials that contain any alleged misrepresentations or omissions.  Plaintiffs also overlook the fact that Plubell v. Merck & Co., Inc., 289 S.W.3d 707 (Mo. App. 2009), was distinguished by Polk v. KV Pharm. Co., 2011 U.S. Dist. LEXIS 144313, *14-15 (E.D. Mo. Dec. 15, 2011), because the plaintiffs in Plubell "specifically alleged misrepresentations of the nature and quality of the product purchased," whereas the plaintiff in Polk asserted only a "legal conclusion of product defect."

2008) (finding plaintiff's failure to "attempt to quantify any difference in the economic value between" the product received and the product anticipated did not constitute an ascertainable loss). That "causal connection" is lacking here, as plaintiffs' alleged ascertainable losses could not have been caused by misrepresentations or omissions that plaintiffs never received. Unlike here, the cases cited by plaintiffs involve situations where the plaintiffs specifically identified advertisements or misrepresentations that allegedly failed to disclose material facts.

Further, any claim for "omission of a material fact" under the MMPA requires "a greater showing of bad faith or recklessness . . . than for the claims based on alleged affirmative representations." Hope v. Nissan N. Am., Inc., 353 S.W.3d 68, 84 (Mo. App. 2011). Thus, plaintiffs must be able to show that "1) [Samsung] was aware of the alleged defect . . ., 2) when [Samsung] became aware, and 3) that [Samsung] purposefully omitted this fact in representations to each individual class member." Id. As explained below, Mizell has failed to plead her MMPA claim with particularity and certainly does not provide anything approaching the requisite "greater showing of bad faith." As Mizell does not adequately allege either an ascertainable loss or causation, dismissal of her MMPA claim is appropriate.

### D. The Chownings' CCPA claim should be dismissed

Plaintiffs' opposition also fails to save the Chownings' CCPA claim from dismissal. While plaintiffs depart from their usual practice and attempt to actually address the case law cited by Samsung, they do so without detracting from Samsung's argument that plaintiffs have failed to adequately plead causation.

11

Significantly, the Chownings do not dispute that, prior to their purchase, they did not review or rely upon any marketing materials, thus they cannot show that any alleged misrepresentations contained therein proximately caused their alleged loss. Plaintiffs again ignore their own allegations and rely on readily distinguishable cases in an effort to shroud this deficiency.[8] Notably, plaintiffs allege only that Samsung made "false, deceptive and misleading statements and misrepresentations" in violation of the CCPA.  Chowning Complaint at ¶89.  Unlike all of the other consumer fraud claims asserted by plaintiffs (including the Chownings' own NJFCA claim), the Chownings do not allege a "failure to disclose" or "omission" of material facts under the CCPA.  See id. at ¶¶79-83; Spera Complaint at ¶¶79-83, 90-95. Plaintiffs' reliance on In re Porsche Cars N. Am. Inc. Plastic Coolant Tubes Prods. Liab. Litig., 880 F. Supp. 2d 801 (S.D. Ohio 2012) and Warner v. Ford Motor Co., 2008 U.S. Dist. LEXIS 82858 (D. Colo. Sept. 30, 2008), is thus misplaced, as both of these cases involve both allegations of omissions as well as affirmative misrepresentations.  Porsche, 880 F. Supp. 2d at 833; Warner, 2008 U.S. Dist. LEXIS 82858 at *25.  Indeed, the Porsche court dismissed a claim involving affirmative

---

[8] Plaintiffs' attempt to diminish Bunting v. Myers-Squibb Co., 2009 U.S. Dist. LEXIS 121059 (D.N.J. Dec. 30, 2009), by claiming that it lacks analysis is simply not true. (Opp. Br. at 13, n.8).  The Bunting court explained that the plaintiff's "allegations amount[ed] to nothing more than a mechanical recitation of the elements of a cause of action under the CCPA." Id. at *19.  In particular, the plaintiff in Bunting failed to allege "facts that demonstrate that either Plaintiff or his prescribing physician personally received or viewed any of the purported misrepresentations and/or omissions.  Plaintiff has failed to plead any nexus between the alleged deceptive acts and the injury." Id. at *21.

misrepresentations under the CCPA, finding that "[w]ithout alleging that he heard or had access to [defendant's] affirmative statements, or identifying the specific statements on which he allegedly relied, Colorado Plaintiff cannot demonstrate proximate cause under the CCPA." Id. at 833-34.  Further, Warner found that "Baca [v. Clark, 2007 U.S. Dist. LEXIS 49426 (D. Colo. July 9, 2007)] is distinguishable from the present case because Ford did communicate with Mr. Warner" prior to his purchase.  2008 U.S. Dist. LEXIS 82858 at *37.  Baca is similarly distinguishable here, as nothing in the Chowning Complaint indicates that the Chownings received or relied upon any advertisements or other communications from Samsung before purchasing their washers.  Clearly, plaintiffs cannot demonstrate proximate cause for their misrepresentation claim without alleging the receipt of any allegedly false or misleading communications or identifying any such communications.

### E.    The Complaints do not allege fraud with sufficient particularity

Perhaps the most telling aspect of plaintiffs' opposition brief is the absence of any real opposition to Samsung's motion to dismiss plaintiffs' consumer fraud claims pursuant to Fed. R. Civ. P. 9(b).  Rather than address the substance of Samsung's motion, plaintiffs offer just a single sentence wherein they merely point to their Complaints and conclusorily aver that they satisfy the heightened pleading requirements of Rule 9(b).  (Opp. Br. at 16).  Of course, plaintiffs provide no explanation whatsoever for how their Complaints could possibly overcome the myriad deficiencies pointed out in Samsung's moving brief, no doubt because

13

plaintiffs recognize that their allegations of fraud are remarkably insufficient and thus cannot stand.

Plaintiffs were likely aided in reaching this conclusion by a recent decision from this District that dismissed substantively identical consumer fraud claims pursuant to Rule 9(b).  The decision in Fishman v. Gen. Elec. Co., 2013 U.S. Dist. LEXIS 61389 (D.N.J. Apr. 30, 2013), which was issued after the filing of Samsung's moving briefs but a full month before plaintiffs' opposition was filed, is particularly instructive here.  In Fishman, Judge Martini considered the adequacy of the plaintiffs' consumer fraud allegations in a *nearly identical* Complaint filed by the *same attorneys* involving the alleged accumulation of mold and mildew in GE washers:

> Despite filing a 39-page, 152-paragraph Amended Complaint, Plaintiffs failed to provide basic information about key aspects of their claims.  For example, Plaintiffs do not specify which washing machines they are talking about.  Plaintiffs do not provide model numbers, dates of manufacture or any other information identifying precisely which products are at issue in this litigation.  Further, Plaintiffs failed to provide essential dates, such as the dates on which Bowser and Plunkett discovered the alleged defect in their washing machines.  Finally, Plaintiffs assert that 'GE . . . made express representations about the quality of its washing machines' (Am. Compl. ¶ 24), but do not identify what these representations were or when they were made.  Without this basic information, the allegations in the Amended Complaint are not sufficient 'to place the defendant [or the Court] on notice of the precise misconduct . . . charged.'  Frederico [v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007)].  And they fall woefully short of meeting Rule 9(b)'s heightened pleading standard.

Id. at *11-12.  The analysis set forth in Fishman applies with equal force to the Complaints here, which are identical in every material respect.  Just as in Fishman, plaintiffs' Complaints do not identify plaintiffs' washer models or other information

specific to the products at issue, lack essential dates and do not identify any alleged misrepresentations by Samsung.  As a result, just as in <u>Fishman</u>, the Complaints here "fall woefully short of meeting Rule 9(b)'s heightened pleading standard."  <u>Id.</u> at \*12.  While it is no surprise that plaintiffs omitted any reference to <u>Fishman</u> in their opposition, plaintiffs simply cannot escape the reality that dismissal of their NJCFA, MMPA and CCPA claims pursuant to Fed. R. Civ. P. 9(b) is warranted.

## II.   PLAINTIFFS' BREACH OF EXPRESS WARRANTY CLAIM FAILS AS A MATTER OF LAW

As plaintiffs do not dispute that New Jersey law applies to their breach of express warranty claims and have relied on New Jersey law in their opposition, New Jersey law should apply to this claim.

### A.   Plaintiffs' breach of express warranty claim fails because plaintiffs failed to provide the requisite notice to Samsung

Plaintiffs' Complaints are contradictory, or at the very least, conspicuously vague, concerning which plaintiffs purportedly provided notice to Samsung regarding the alleged defects in their washers, to whom that notice was given, how it was provided and when it was provided.

In the Spera Complaint, it appears that Spera contacted no one and that Mizell contacted only Lowe's concerning her alleged complaints.  Spera Complaint at ¶¶12-13.  Similarly, the Chowning Complaint initially mentions that the Chownings only contacted Best Buy concerning their washer.  Chowning Complaint at ¶12.  However, plaintiffs subsequently allege -- without any elaboration -- that "Plaintiffs contacted Samsung," <u>Id.</u> at ¶¶29-30, Spera Complaint at ¶30, and received remedial suggestions

from Samsung.  Id. at ¶31.  It is thus ambiguous which plaintiff or plaintiffs contacted Samsung, how such contact was made and whether such contact occurred after the expiration of the one year warranty period.  If, as plaintiffs now claim, they all provided notice to Samsung directly and within the warranty period, such allegations cannot be gleaned from the contradictory Complaints.[9]  Plaintiffs' vague pleadings, which are glaringly deficient in detail, are clearly insufficient to satisfy the notice provision of N.J.S.A. 12A:2-607(3)(a).

True to form, plaintiffs remain consistent in ignoring inconvenient case law cited by Samsung that clearly establishes that notice is a "condition precedent to filing any suit for breach of warranty." Dicuio v. Brother Int'l Corp., 2012 U.S. Dist. Lexis 112047, *34 (D.N.J. Aug. 9, 2012); see also Cooper, 374 Fed. App'x at 253-54 (3d Cir. 2010) (affirming dismissal of plaintiff's claim because he did not allege that he provided notice to Samsung during the one year warranty period); Kury v. Abbott Labs., Inc., 2012 U.S. Dist. LEXIS 4862, *21 (D.N.J. Jan. 17, 2012) ("[d]ispositive of the claim for breach of express warranty is Plaintiff's failure to provide a pre-litigation notice to Defendants regarding the alleged breach"); Luppino v. Mercedes-Benz USA, LLC, 2011 U.S. Dist. LEXIS 65495, *8 (D.N.J. June 20, 2011) (dismissing breach of express warranty claim against vehicle manufacturer where notice was not provided to either manufacturer or seller during warranty period).

---

[9] Indeed, the fact that plaintiffs go to great length to argue that they were not required to provide notice to Samsung strongly suggests that they did not provide such notice.

Plaintiffs also rely on certain non-binding authorities for the proposition that "New Jersey does not require that the buyer give notice of a defect to a remote seller, i.e., the manufacturer of the product, or alternatively, the filing of the lawsuit can serve as notice of the breach." (Opp. Br. at 18). But the rationale underpinning these cases is that a party harmed by a breach of warranty may not have the information necessary to enable it to provide a prompt warning of the breach to a remote manufacturer or distributor. See Duall Bldg. Restoration, Inc. v. 1143 E. Jersey Ave. Ass'n, 279 N.J. Super. 346, 351, 652 A.2d 1225, 1230 (N.J. App. Div. 1995). This is clearly not the case here, as plaintiffs have at all times been aware of the identity of the manufacturer of their washers. Regardless, the filing of these actions does not constitute the requisite notice, as both Complaints were filed well after the one year warranty period. To find otherwise would render the UCC's notice requirement meaningless, as it would be satisfied in every instance where a lawsuit is filed. See 4 Anderson, Uniform Commercial Code § 2-607: 163 at p. 289 ("When the first notice acquired by the defendant is the commencement of a lawsuit against the defendant, it is obvious that the full range of purposes for requiring the notice cannot be satisfied"). As plaintiffs have not complied with their statutory notice obligation, their breach of express warranty claim must be dismissed as a matter of law. See Cooper, 374 Fed. App'x at 253-54; Dicuio, 2012 U.S. Dist. LEXIS 112047 at *35-36; Luppino, 2011 U.S. Dist. LEXIS 65495 at *8.

**B.     The <u>Fishman</u> decision provides a further basis for dismissal**

In addition to plaintiffs' failure to provide notice, this Court's recent decision

in <u>Fishman</u> -- based on an almost *identical* Complaint -- provides yet another basis

for the dismissal of the plaintiffs' warranty claims.  In <u>Fishman</u>, Judge Martini

dismissed the plaintiffs' claims for breach of express warranty and breach of the

implied warranty of merchantability because plaintiffs failed to describe the "most

important part of the express warranty claim: the express warranty" itself.  2013 U.S.

Dist. LEXIS 61389 at *12-13.  The court explained that:

> Plaintiffs allege that 'GE has breached its written warranty,' but
> Plaintiffs do not identify the actual language or source of this written
> warranty, or specify when the warranty was in effect.  Plaintiffs also
> allege that Defendant made 'affirmations of fact and promises
> including those found in its advertisements, promotional and
> marketing materials, point-of-sale displays, product specifications, and
> within the washing machine manuals.'  But Plaintiffs do not identify
> any specific affirmations of fact or promises, and do not provide the
> language of any advertisements, promotional or marketing materials,
> point-of-sale displays, or product specifications.  Without the language
> of the warranty, and a start date and end date for the warranty,
> Plaintiffs cannot state a breach of express warranty claim.

<u>Id.</u>; <u>see also</u> <u>Arlandson</u>, 792 F. Supp. 2d at 707 (breach of express warranty claim

dismissed where plaintiffs "fail[ed] to identify the actual language or source of any

alleged warranty"); <u>Simmons v. Stryker Corp.</u>, 2008 U.S. Dist. LEXIS 93306 *2

(D.N.J. Nov. 17, 2008) (dismissing claim that was "devoid of any 'factual matter' to

support the existence of an express warranty").

Here, plaintiffs similarly fail to identify *any* specific affirmations of fact or

promises and do not provide the language of *any* advertisements, promotional or

18

marketing materials, point-of-sale displays, or product specifications.  Instead, plaintiffs resort to the exact same vague language rejected by the court in <u>Fishman</u>. Spera Complaint at ¶97 ("Samsung made affirmations of fact and promises to Plaintiffs and members of the Classes that related to the Washing Machines"); Chowning Complaint at ¶96 (same).  Plaintiffs also fail to specify when the warranty was in effect.  Without providing any information concerning the warranty or the time frame in which the warranty was operative, plaintiffs cannot state a breach of express warranty claim.  <u>See</u> <u>Fishman</u>, 2013 U.S. Dist. LEXIS 61389 at *12-13.

### C.   Plaintiffs' breach of express warranty claim should be dismissed because plaintiffs' claims are not covered by the Limited Warranty

As set forth in Samsung's moving brief, the warranty provided by Samsung does not apply to the design defects alleged by plaintiffs.  In order to save their express warranty claims, plaintiffs assert that their claims fall within the warranty because "there is clearly a problem either in Defendant's workmanship or the materials used giving rise to the malfunction."  (Opp. Br. at 20).  However, "one vague conclusory allegation that the defect was caused, in part, due to 'manufacturing errors' is insufficient to satisfy the requisite pleading standards of Rule 8(a) and Iqbal."  <u>Hughes</u>, 2011 U.S. Dist. LEXIS 79504 at *54.  As in <u>Hughes</u>, plaintiffs pay mere lip service to "manufacturing defects," as they fail to allege anything of substance to underpin such a claim.

The Limited Warranty that accompanied plaintiffs' washers warranted only "against manufacturing defects in materials and workmanship."  (See Manual,

Exhibit A to the O'Hara Cert., at 36). The only "defect" that plaintiffs allege in their

Complaints is an accumulation of mold and mildew and corresponding odors in their

washers. Spera Complaint at ¶2; Chowning Complaint at ¶2. This alleged defect

cannot be fairly described as a "manufacturing defect" (and plaintiffs do not contend

otherwise), as it plainly involves a purportedly flawed design, which is exactly how

plaintiffs themselves characterize the issue.[10] Id. Thus, despite their revisionist

effort, plaintiffs' opposition brief is incapable of transforming a "design defect" into a

"manufacturing defect" that would implicate the Limited Warranty.

Plaintiffs further allege that, at the pleading stage, the distinction between a

defect in design and a defect in materials or workmanship is a matter of "semantics."

(Opp. Br. at 19-20). Plaintiffs rely exclusively on Alin v. Am. Honda Motor Co.,

2010 U.S. Dist. LEXIS 32584, *17 (D.N.J. Mar. 31, 2010). But Alin found that no

distinction needed to be drawn between defects in design and defects in material or

workmanship because the plaintiff in that case had provided sufficient facts to allege

both. Id. That simply is not the case here. Nowhere in the Complaints do plaintiffs

_____

[10] Under New Jersey law, a manufacturing defect is defined as a deviation "from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae." N.J.S.A. 2A:58(c)-2(a); see also Hughes, 2011 U.S. Dist. LEXIS 79504 at *54 (finding that a "defect in the programming of the software . . . is not akin to a defect in materials or substandard workmanship used by Panasonic in replacing or repairing parts under warranty"); McCabe v. Am. Honda Motor Co., 100 Cal. App. 4th 1111, 1120 (Cal. App. 2002) (a manufacturing defect "exists when an item is produced in a substandard condition" while a design defect "exists when the product is built in accordance with its intended specifications, but the design itself is inherently defective").

allege sufficient facts to establish a manufacturing defect.  Plaintiffs' attempt to

obfuscate their pleadings is insufficient to overcome dismissal.[11]

      The Limited Warranty provided by Samsung also does not fail of its essential

purpose simply because it excludes design defects.  See In re Whirlpool Corp. Front-

Loading Washer Prods. Liab. Litig., 684 F. Supp. 2d 942, 958-59 (N.D. Ohio 2009)

(rejecting argument that Whirlpool's warranty failed of its essential purpose).  Not

surprisingly, plaintiffs do not cite any authority for this farfetched contention, nor do

they explain why any of the dozens of cases construing the same or similar warranties

did not reach such a conclusion.  See, e.g., Cooper, 374 Fed. App'x at 253-54;

Hughes, 2011 U.S. Dist. LEXIS 79504 at *54; Dicuio, 2012 U.S. Dist. LEXIS

112047 at *33 n.11.  Because the defects alleged by plaintiffs do not relate to

"manufacturing defects in materials and workmanship," their breach of express

warranty claim fails as a matter of law and should be dismissed.  See id.

### D.    Plaintiffs fail to adequately allege unconscionability

      In a final, desperate attempt to save their breach of express warranty claim,

plaintiffs baldly allege -- buried in a footnote -- unconscionability.  However, as is so

---

[11] Further, plaintiffs' weak effort to distinguish the cases relied upon by Samsung as
having "no issue of a defect" is simply false.  (Opp. Br. at 20).  All three cases cited
by Samsung discuss alleged "defects" in the products at issue and, just like here,
found them to not relate to the materials and workmanship of the products.  See
Hughes, 2011 U.S. Dist. LEXIS 79504 at *3; Dicuio, 2012 U.S. Dist. LEXIS 112047
at *3; Cooper, 374 Fed. App'x at 252.

often the case, plaintiffs' baseless allegation of unconscionability is inadequate to avoid dismissal.

Under New Jersey law, plaintiffs cannot maintain a breach of warranty claim based upon an alleged defect that manifested outside the warranty period unless the warranty was unconscionable.  Glass v. BMW of N. Am., LLC, 2011 U.S. Dist. LEXIS 149199, *45 (D.N.J. Dec. 29, 2011) ("the law in the Third Circuit is clear: 'defects discovered after the term of the warranty are not actionable'") (quoting Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 616 (3d Cir. 1995)). Here, the Complaints are *completely silent* as to unconscionability.  Instead, this baseless allegation impermissibly arises solely from plaintiffs' opposition brief.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) ("As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings"); Marks v. Struble, 347 F. Supp. 2d 136, 148 (D.N.J. 2004) (refusing to consider allegations raised for the first time in response to the defendants' motion to dismiss).  Regardless, it is limited to conclusory and factually unsupported allegations that Samsung knew of the alleged defects but postponed the failure of the washers until after the expiration of the warranty.  (Opp. Br. at 19). Such conclusory allegations are just "the kind of legal conclusion that the Court need not accept as true," as they "fall far short" of stating a claim for unconscionability.[12]

---

[12] Plaintiffs rely on just three New Jersey cases in support of their unconscionability claim.  But two of these decisions predate the Supreme Court's revisions to the standards for Rule 12(b)(6) motions and have been expressly rejected.  See Gotthelf v. Toyota Motor Sales, U.S.A., Inc., 2012 U.S. Dist. LEXIS 62045, *62 (D.N.J. May

Weske I, 2012 U.S. Dist. LEXIS 32289 at *21-22; see also In re Philips/Magnavox Television Litig., 2010 U.S. Dist. LEXIS 91343, *16 (D.N.J. Sept. 1, 2010) (finding that because "[t]here are no allegations that [the] warranties are unfair compared to other warranties in the television industry, let alone rise to the substantial level of 'conscious shocking,'" plaintiffs did not adequately allege unconscionability). Accordingly, plaintiffs' vague and newly-minted allegation of unconscionability cannot save their breach of express warranty claims.

## III.   PLAINTIFFS' BREACH OF IMPLIED WARRANTY CLAIM FAILS AS A MATTER OF LAW

Plaintiffs do not dispute that New Jersey law applies to their breach of implied warranty claims.  Under New Jersey law, these claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### A.   Samsung  expressly disclaimed any implied warranty of merchantability

Plaintiffs do not meaningfully oppose that the Limited Warranty that accompanied plaintiffs' washers clearly and conspicuously disclaims all warranties,

---

3, 2012) ("this Court in subsequent cases has followed the pleading requirements of Twombly and Iqbal and has been much less willing to deny motions to dismiss breach of warranty claims once a warranty has expired"); Suddreth v. Mercedes-Benz, LLC, 2011 U.S. Dist. LEXIS 126237, *9 (D.N.J. Oct. 31, 2011) ("a finding of unconscionability cannot be premised solely upon allegations that Defendant knew that a defect in the product might arise").  The third of these cases, Henderson v. Volvo Cars of N. Am. LLC, 2010 U.S. Dist. LEXIS 73624 (D.N.J. July 21, 2010), expressly declined to follow this flawed line of reasoning, but permitted the plaintiff's express warranty claims to survive dismissal only because the complaint contained additional, specific allegations of unconscionability. Id. at *26.  That is clearly not the case here, as the Complaints do not even mention unconscionability, much less set forth any basis for it.

23

specifically including any implied warranties of merchantability and fitness for a particular purpose.  (See Manual, Exhibit A to the O'Hara Cert., at 37).  While plaintiffs claim that this issue is "addressed above," (Opp. Br. at 22), nowhere in their opposition do they actually do so.  Indeed, plaintiffs offer nothing but a sole, conclusory statement that "[l]ike the other limitations on express warranty, Defendant's disclaimer implied warranties [sic] is further means for Defendant to leave Plaintiffs with no meaningful remedy."  Id.  Of course, plaintiffs cite no authority for this proposition and fail to address any of the plethora of cases that have enforced disclaimers on a motion to dismiss.  See, e.g., Moulton v. LG Elecs. USA, Inc., 2012 U.S. Dist. LEXIS 117931, *6 (D.N.J. Aug. 21, 2012); Dicuio, 2012 U.S. Dist. LEXIS 112047 at *30-31.  As plaintiffs do not oppose that the express warranty effectively disclaims any implied warranties, this disclaimer should be enforced as written and plaintiffs' claims for breach of implied warranty should be dismissed.

**B.     Plaintiffs' breach of implied warranty claim should be dismissed because plaintiffs failed to provide notice**

Because plaintiffs failed to provide notice to Samsung of an alleged breach during the warranty period, their implied warranty claims should be dismissed.  In opposition, plaintiffs merely point to their notice argument with respect to their breach of express warranty claim,[13] and contend that their generalized allegation in

---

[13] In doing so, plaintiffs disregard the fact that three of the cases upon which they rely, Brown v. Abbott Labs., Inc., 2011 U.S. Dist. LEXIS 110175 (N.D. Ill. Sept. 27, 2011), Elias v. Ungar's Food Prods., 252 F.R.D. 233 (D.N.J. 2007) and Cipollone v. Liggett Group, Inc., 683 F. Supp. 1487 (D.N.J. 1988), did not address notice with regard to implied warranties.

1763844_2

one paragraph of each Complaint is sufficient.  See Spera Complaint at ¶30

("Plaintiffs contacted Samsung concerning the Mold Problems"); Chowning

Complaint at ¶29 (same).  But this threadbare statement does nothing to show which,

if any, of the named plaintiffs contacted Samsung, when they contacted Samsung,

how they contacted Samsung or with whom they communicated at Samsung.

Plaintiffs further contend that they are not required to give notice of a

defect to a remote seller if they have given notice to a direct seller.  As addressed

above, this is incorrect and is contrary to the authority provided by Samsung.  See

Hammer v. Vital Pharms., Inc., 2012 U.S. Dist. LEXIS 40632, *30 (D.N.J. Mar. 26,

2012); Pappalardo v. Combat Sports, Inc., 2011 U.S. Dist. LEXIS 147902, *24

(D.N.J. Dec. 23, 2011).  Plaintiffs rely on just one case that involves a breach of

implied warranty claim.  But in Strzakowlski v. GMC, 2005 U.S. Dist. LEXIS 18111

(D.N.J. Aug. 16, 2005), the court cautioned that in some circumstances, even notice

to a direct seller is insufficient: "While this seemingly permits a plaintiff to give

notice by repeatedly bringing a defective product to the immediate seller for service,

it cannot be read to waive notice to the remote manufacturer when the buyer has

sought only one repair from the immediate seller."  Strzakowlski, 2005 U.S. Dist.

LEXIS 18111 at *12 n.7.  Here, Mizell and the Chownings allege that they contacted

their immediate sellers regarding the alleged defect with their washers, but there is no

indication that they did so on more than one occasion such that these retailers (much

less Samsung) were on notice of an alleged breach of implied warranty.  Accordingly,

even if plaintiffs only needed to notify their immediate sellers (which Samsung

disputes), plaintiffs do not adequately allege that they provided such notice and their breach of implied warranty claims should therefore be dismissed.

### C.   Plaintiffs' breach of implied warranty claim fails because plaintiffs' washers are fit for their ordinary purpose

Plaintiffs' claims for breach of the implied warranty of merchantability also fail because their washers are fit for their ordinary purpose -- washing clothes.  In their opposition, plaintiffs do not contest that the implied warranty of merchantability is not breached when the product at issue is fit for its ordinary purpose.  See Hughes, 2011 U.S. Dist. LEXIS 79504 at *60.  Plaintiffs also admit that the "basic and fundamental purpose" of their washers is "making items washed within them clean." (Opp. Br. at 23).  Significantly, none of the plaintiffs allege that their washers failed in their ordinary and intended purpose of washing clothes, or even that they cannot or do not continue to use their washers for this purpose.  Plaintiffs again resort to a legally untenable, "common sense" argument that the washers are not merchantable because of an alleged mildew odor, though they do not allege that their clothes are not "clean" and that they are unable to wear clothing cleaned by their washers. Plaintiffs simply do not allege that their washers do not function, but instead that they do not function in a manner consistent with their expectations.  This is plainly insufficient to maintain a claim for breach of the implied warranty of merchantability under New Jersey law.  See Lieberson, 2011 U.S. Dist. LEXIS 107596 at *29 ("[t]he implied warranty of merchantability does not 'impose a general requirement that goods precisely fulfill the expectation of the buyer.  Instead, it provides for a

26

minimum level of quality'") (quoting <u>Hughes</u>, 2011 U.S. Dist. LEXIS 79504 at

*65).[14]  Accordingly, plaintiffs claim for breach of the implied warranty of

merchantability is subject to dismissal for this reason as well.

## IV.   PLAINTIFFS' CAUSE OF ACTION FOR UNJUST ENRICHMENT FAILS AS A MATTER OF LAW

Plaintiffs' devote an inordinate number of pages of their opposition brief to a

quixotic attempt to salvage their unjust enrichment claim.  Despite their effort,

dismissal of this cause of action is appropriate.

As an initial matter, plaintiffs concede that there is no material difference

among states' laws concerning unjust enrichment, (Opp. Br. at 26), thus New Jersey

law applies to this claim.  Significantly, plaintiffs misstate that Samsung seeks

dismissal of their unjust enrichment claim "on two grounds."  (Opp. Br. at 24).

Rather, Samsung's moving brief raised *three* distinct bases for the dismissal of this

claim, each of which was afforded a separate paragraph.  Because plaintiffs do not

(and cannot) allege that they expected to any receive remuneration from Samsung as

a result of purchasing a washer, their unjust enrichment claim is subject to dismissal

on this basis alone -- which plaintiffs do not contest.  <u>See</u> <u>In re Toshiba Am. HD</u>

---

[14] Plaintiffs rely upon a single case, <u>Montich v. Miele USA, Inc.</u>, 849 F. Supp. 2d 439
(D.N.J. 2012), to support their argument that an allegation that the washer leaves
clothes smelling like mold or mildew is sufficient to state a claim for breach of
implied warranty.  Samsung respectfully submits that <u>Montich</u> misapplied a
subjective standard as to the ordinary purpose of washers.  Without any allegations
that plaintiffs can no longer use their washers to wash clothes, the washers fulfill their
ordinary purpose.

DVD Mktg. & Sales Practices Litig., 2009 U.S. Dist. LEXIS 82833, *14 (D.N.J. Sept. 10, 2009).

Plaintiffs' opposition does nothing to save their claims from dismissal pursuant to the two other bases raised by Samsung. Sticking with their theme of ignoring contrary authority, plaintiffs again make no effort to address those cases demonstrating that New Jersey law does not recognize unjust enrichment as an independent tort cause of action. Because plaintiffs have asserted other tort claims, plaintiffs' unjust enrichment claim is superfluous and dismissal is therefore appropriate. Mason v. Coca-Cola Co., 2010 U.S. Dist. LEXIS 65107, *23 (D.N.J. June 30, 2010); Warma Witter Kreisler, Inc. v. Samsung Elecs. Am., Inc., 2009 U.S. Dist. LEXIS 112773, *26-27 (D.N.J. Dec. 3, 2009). Further, "[r]ecovery for unjust enrichment . . . is an equitable remedy that is only available when there is no express contract providing for remuneration." Am. Rubber & Metal Hose Co. v. Strahman Valves, Inc., 2011 U.S. Dist. LEXIS 80083, *22 (D.N.J. July 22, 2011) (citing Caputo v. Nice-Pak Prods., 300 N.J. Super. 498, 507, 693 A.2d 494, 498 (N.J. App. Div. 1997)). Here, insofar as plaintiffs plead the existence of an express warranty, their unjust enrichment claim must be dismissed. Id. at *22-23 ("an unjust enrichment claim must be independent of a breach of contract claim and a Plaintiff may not bring an unjust enrichment claim while also pleading the existence of a contract") (quoting Oswell v. Morgan Stanley Dean Witter & Co., Inc., 2007 U.S. Dist. LEXIS 44315, *29 (D.N.J. June 18, 2007)).

Finally, since plaintiffs did not purchase their washers directly from Samsung,

they did not confer a benefit directly on Samsung that Samsung retained and thus

cannot maintain a claim for unjust enrichment.  In opposition, plaintiffs rely on a

single case under New Jersey law, <u>Stewart v. Beam Global Spirits & Wine, Inc.</u>, 2012

U.S. Dist. LEXIS 90554 (D.N.J. June 29, 2012), which addressed the sufficiency of

an unjust enrichment claim in the context of a motion to dismiss pursuant to Fed. R.

Civ. P. 12(b)(6).  <u>Stewart</u> determined that, under the circumstances presented, "it

would be inequitable" to bar a consumer's unjust enrichment claim against a

manufacturer based upon the absence of a direct relationship.  <u>Id.</u> at *24.

Even if <u>Stewart</u> could be read as rejecting the direct relationship requirement in

all circumstances (which it cannot), it would run contrary to nearly every other

decision in this District that has addressed this issue.  <u>See</u>, <u>e.g.</u>, <u>Weske I</u>, 2012 U.S.

Dist. LEXIS 32289 at *23 ("[w]hen an individual purchases a consumer product from

a third-party and not the manufacturer, the purchaser has not conferred a benefit

directly to the manufacturer such that the manufacturer could be found to have been

unjustly enriched"); <u>Arlandson</u>, 792 F. Supp. 2d at 711 ("[w]hen consumers purchase

a product from a third party, they confer a benefit on that third party, not on the

manufacturer"); <u>Alin v. Am. Honda Motor Co., Inc.</u>, 2010 U.S. Dist. LEXIS 32584,

*40 (D.N.J. Mar. 31, 2010) ("[i]n New Jersey, a benefit conferred upon a retailer not

sharing in profits with the product manufacturer does not result in the manufacturer's

unjust enrichment").  Notably, <u>Stewart</u> does not address these decisions (or any of the

many others like them), but instead curiously looks to Florida law for guidance.

Moreover, <u>Fishman</u> began the inevitable parade of decisions denouncing

29

Stewart as inconsistent with New Jersey law.  After noting that "even the Stewart court acknowledged that the vast majority of courts in this District have come out the other way," Fishman "join[ed] the majority of courts in this District in finding that a manufacturer is not liable for unjust enrichment if plaintiffs purchased the goods in question from a third-party."  2013 U.S. Dist. LEXIS 61389 at *16-17.  As the plaintiffs in Fishman did not purchase their washers directly from GE, "they cannot recover from GE for unjust enrichment."  Id. at *17.  Notably, Fishman dismissed the plaintiffs' unjust enrichment claim *with* prejudice, further emphasizing the conclusiveness of its decision.  Id.  As explained above, the allegations of Fishman are identical to this matter and, for the reasons expressed in Fishman, dismissal of plaintiffs' unjust enrichment claim is appropriate for the additional reason that plaintiffs did not confer a benefit on Samsung.  Accordingly, plaintiffs' cause of action for unjust enrichment should be dismissed.

## CONCLUSION

For the foregoing reasons, defendant Samsung Electronics America, Inc. respectfully requests that its motions to dismiss plaintiffs' Complaints pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b) be granted in their entirety.

Dated: July 19, 2013

James J. O'Hara
John Maloney
GRAHAM CURTIN
A Professional Association

Attorneys for Defendant
Samsung Electronics America, Inc.

30